[No. 27203. Department One. November 17, 1938.]

EDITH DILLON LAMPING, *Respondent,* v. GEORGE B. LAMPING, *Appellant.*[1]

*William A. Gilmore,* for appellant.

*Mawer & Wigle,* for respondent.

BLAKE, J.—Plaintiff and defendant were married in 1906. In 1937, plaintiff brought this action for divorce, upon the grounds of nonsupport and cruelty. Defendant answered, denying the charges, and prayed for dismissal of the action. When the cause came on for trial, the parties were the only witnesses called, except one, who testified as to the period of plaintiff's residence in the state and county.

[1]Reported in 84 P. (2d) 348.

The trial court found:

"V. That for the past several years defendant has contributed little or nothing to the support of his wife and family, although he has been and is able-bodied, although within such period he has had opportunities for employment which he has refused, and although he has had an earning capacity and in fact an income of at least $150 per month; that since July, 1935, plaintiff and the parties' minor children have been supported almost entirely by the regular contribution from plaintiff's parents of $120 per month; that without such contribution plaintiff and said children could not have been maintained; that since February, 1936, at which time they were forced to vacate their home because of mortgage foreclosure proceedings and sale, the parties and their children have lived in a house provided for them by plaintiff's father at no expense to defendant; that the operating expense of such house has been borne almost entirely by plaintiff's father.

"VI. That in April, 1935, plaintiff was compelled to undergo two major operations, all of the expenses of which were borne by plaintiff's father; that of these expenses and of the other contributions of money for the support of plaintiff and the parties' minor children more specifically mentioned in paragraph V of these findings of fact, no part has been repaid by defendant; that in fact defendant has acquiesced in and accepted all such contributions without question other than his frequent comments that the money contributions were insufficient in amount and that they should have been made and given much earlier than they were.

.     .     .     .     .     .     .     .     .     .     .     .

"VIII. That defendant is a frequent user of intoxicants; that such use has materially increased in the last few years; that while under the influence of intoxicants particularly defendant conducts himself toward plaintiff and their children in a surly and unreasonable fashion, displays a violent temper, and makes abusive statements to plaintiff concerning the parties' children and plaintiff's parents; that even when not under the influence of intoxicants, his attitude toward plaintiff has been and is dictatorial and unreasonable

in the extreme; that by reason of his conduct, and his dictatorial manner toward plaintiff and the parties' children, defendant has alienated the affections of all four of such children; that further by reason of such conduct and manner toward plaintiff and their children, plaintiff's life has been made so difficult as to render it impossible for her to continue to live with defendant as his wife."

From an interlocutory decree of divorce entered upon the findings, defendant appeals.

Defendant's contention is that the evidence does not support the above quoted findings. If plaintiff's testimony is to be believed, the findings are amply supported by the evidence. Of course, there was a sharp conflict between her testimony and defendant's. It will serve no useful purpose to review the evidence with particularity, since the case is one which peculiarly calls for the application of the rule that the findings of the trial court will not be disturbed unless it can be said the evidence preponderates against them. When, upon the printed record, the testimony of the parties is diametrically opposed, we must of necessity rely upon the findings of the trial judge for guidance. For he has a distinct advantage in ascertaining the truth, by reason of the fact that he has an opportunity of observing the witnesses while they are testifying. By its findings, the trial court has registered its faith in the testimony of plaintiff upon the issues of non-support and cruelty.

The interlocutory decree is affirmed.

STEINERT, C. J., MAIN, HOLCOMB and ROBINSON, JJ., concur.